WILLI SPIEGELBERG ET AL. *v.* ALEXANDER P. SULLIVAN.

SERVICE OF ATTACHMENT BY LEAVING AT ABODE.—Service of an attachment issued on an affidavit showing that the defendant has absconded and absented himself from his usual place of above, may be made by leaving a true copy thereof at the usual place of abode of the defendant with some free person over the age of fifteen years, and publication is not necessary.

APPEAL from the district court for San Fe county. The opinion states the case.

*J. S. Watts,* for the defendant and appellant.

*T. B. Catron,* for the plaintiffs and appellees.

By Court, JOHNSON, J. :

On the third of July, 1872, appellees sued out an attachment from the district court for Santa Fe county, against the appellant Sullivan for the sum of one thousand seven hundred dollars. For grounds of attachment the affidavit alleges that said Sullivan had absconded and absented himself from his usual place of abode in this territory, so that ordinary process of the law can not be passed upon him, and is also about fraudulently to convey, assign, and dispose of his property and effects in this territory so as to hinder, delay, and defraud his creditors, and has, as this affiant has good reason to believe and verily does believe, fraudulently disposed of his property and effects so as to defraud, hinder, and delay his creditors. The sheriff returned that he served the writ of attachment by delivering a true copy of the same to Thomas Sullivan, the brother of the defendant, a free person over the age of fifteen years, residing at the usual place of abode of the said Alexander P. Sullivan, he the said defendant being absent this third day of July, A. D. 1872. At the return term of the writ defendant made default. Judgment was entered against him, and on the second day of the term a jury assessed the plaintiffs' damages at one thousand seven hundred and ninety-eight dollars and seventy-two cents, and judgment was entered according to the verdict. On the twelfth day of the term the defendant appeared, by counsel, and asked for an appeal to this court, which was granted.

It is contended here by the appellants that the service of the attachment by leaving a true copy thereof at the usual place of abode of the defendant with a free person over the age of fifteen years thereat residing, is not sufficient. The Revised Statutes, sec. 9, p. 210, thus direct the service of writs of attachment on defendants: "The writ, petition, or other lawful statement of the cause of action shall be served on the defendant as an ordinary citation." On page 202 of the same book, chapter 29, section 1, paragraph 3, is this direction for the service of all original process from any of the courts in this territory of which the summons citation

is one: "If the defendant be absent, by delivering a copy of the original process to some free person residing at the usual place of abode of the defendant over fifteen years of age." But it has here been argued that chapter 27 of the acts of 1869 and 1870 repeals the provisions just quoted and that publication should have been made as therein required. This chapter is intended to provide for a notification by publication in actions at law commenced otherwise than by attachment, which previous to this enactment were the only writs in which the statutes provided for notice by publication, and the existing statutes on the subject of attachment are merely referred to in this chapter as an example to which the notification provided is required to conform in form, time, and substance, and also as to proof of publication. This chapter further states that it is " well understood that this act shall not be applicable in any cause in which summons can be served in any other manner according to and as prescribed by the laws that govern the serving of summons in this territory," and it was doubtless intended (as it does) to increase, rather than diminish, the modes of serving process.

It is further contended for the appellant, that inasmuch as the affidavit for the attachment alleges that the appellant had absconded and absented himself from his usual place of abode in this territory, so that the ordinary process of law can not be passed upon him, the appellants are precluded from service otherwise than by publication under the attachment law. Section 10, page 212, and section 36, page 220, Revised Statutes, contain the only provisions of the attachment law as to publication of notice. The former provides that " when the defendant can not be cited, and his property or effects shall be attached, if he do not appear and answer to the action at the return term of the writ, within the first two days thereof, the court shall order a publication to be made," etc. The kind of citation here meant is doubtless that mentioned in the first paragraph of section 9, page 210, of the same book, and that requirement was complied with in the the service of the writ in this suit.

Section 36, page 220, provides that where the defendant can not be served personally with the process, and shall have no place of residence in this territory, publication of notice shall be had. But Sullivan at the time of the taking out of this attachment had a place of residence in this territory, and therefore the last-quoted provision of the statute does not affect the validity of the service.

The judgment of the court below is affirmed.